STROHMEYER & ARPE CO. *v.* UNITED STATES (No. 938).[1]

BLOOD PUDDING—SAUSAGE.

Sausages made of blood pudding, being composed of material closely related to meat in every way, similar in appearance and being prepared for a similar use and being so used, were properly classified for duty, respectively, under paragraph 275, tariff act of 1897, and paragraph 286, tariff act of 1909.

United States Court of Customs Appeals, November 21, 1912.

APPEAL from Board of United States General Appraisers, Abstract 28754 (T. D. 32584).

[Affirmed.]

*Brown & Gerry* for appellants.

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel; *William A. Robertson,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

This appeal relates to certain importations of an article of food entered in part under the tariff act of 1897 and in part under the act of 1909.

In one of his returns the appraiser reported the merchandise to be "a preparation made of blood mixed together and flavored with spices, forming a pasty mass, put up in casings and packed in tins." Another return of the appraiser describes the article as "a preparation of lard, pork blood, and onions mixed together, flavored with spices, and put up in hermetically sealed tins and known as morcillas. Return for duty was made under each act as prepared meat under paragraphs 275 and 286, respectively, and duty was accordingly assessed thereon at the rate of 25 per cent ad valorem by the collector.

The importers protested against the assessment, claiming that the article in question was dutiable at 20 per cent ad valorem as a non-enumerated manufactured article. Other claims were included within the protest, but the assignments of error filed by appellants in this court present only the contention just stated.

---

[1] Reported in T. D. 32987 (23 Treas. Dec., 467).

The protest was duly heard by the Board of General Appraisers and was overruled. The importers now appeal to this court for a reversal of the decision of the board.

At the trial before the board but one witness was called in behalf of the importers, and none by the Government. The following extracts from the testimony of the witness will give a further description of the article in controversy:

It is just made of blood. Take fresh blood and stir it in a kettle, boil it, and just put a small piece of lard in there, then a few flavoring materials, herbs and like that; then put it in casings, and that is the blood pudding that we import. * * * Just looks like a frankfurter. Just a sausage. * * * The blood, when it gets cooked, it gets hard, not very hard. * * * There is no speck of meat in there. * * * They don't put meat in it. These are already cooked. Then the cooked blood is warmed up.

It clearly appears from the record that the imported article does not contain any meat. The importers thereupon contend that the assessment of the article as prepared meat is erroneous, and that it should be classified as a nonenumerated manufactured article. The Government, however, contends that even though the article itself does not contain meat, nevertheless it should be assessed as prepared meat under the similitude provisions of the act. And this expresses the real issue between the parties, whether or not the importation assimilates to prepared meats as enumerated in the act and is therefore liable to the same rate of duty by force of that similitude.

The governing paragraphs of the acts of 1897 and 1909, respectively, are identical in substance; therefore, the pertinent paragraphs of the act of 1909 only are here copied:

286. Meats of all kinds, prepared or preserved, not specially provided for in this section, twenty-five per centum ad valorem.

480. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles, not enumerated or provided for in this section, a duty of ten per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this section, a duty of twenty per centum ad valorem.

481. That each and every imported article, not enumerated in this section, which is similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this section as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *.

The two articles thus placed in comparison may be considered in respect to material and use, and in both of these particulars a substantial similarity is apparent. It is true that blood and lard are not themselves meat, but they are closely allied to it in origin and substance. The lard before rendering is identical in character with the fat which remains a constituent element of the pork. The blood also possesses in large part the natural elements which compose the meat from which it issues. In respect to the similarity of use the imported article is prepared for consumption by cooking like meat, and is made palatable by similar flavoring. It may also fairly be

assumed that when cooked the blood possesses an odor and taste similar to parts of the meat, and that its consumption as food satisfies the same taste and appetite and furnishes to the consumer the same elements of nourishment as meat. In respect to the present case there is a similarity also in the form in which the article is prepared for use. It is put in sausage casings and, according to the witness, looks just like frankfurter or other meat sausages. These points of resemblance to meat do not merely constitute an adaptability to sale as a substitute for that article, but establish an essential relationship between the two substances, and make it seem highly probable that the two would be considered by Congress as naturally belonging within the same classification.

For a number of years sausages made of seasoned meats have been classified and assessed as prepared meats, and this procedure has been approved by various decisions of the board. (T. D. 26965; T. D. 26975; T. D. 28205; Abstract 15546; T. D. 31971, Abstract 26975). It seems fairly to follow that sausages similar in appearance and composed of material so closely related to meat in every way and designed for similar manner of use should be subjected under the same classification to the same duty.

The decision of the board sustaining the action of the collector is therefore approved and *affirmed.*